# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARK ALLEN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02800-TLP-tmp |
| v. | ) | |
| | ) | |
| FLOYD BONNER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

The Court entered an Order directing Plaintiff to either submit a current copy of his prison trust account statement for the previous six (6) months or pay the entire $400 civil filing fee within thirty (30) days of the entry of the Order. (ECF No. 4.) The Court warned Plaintiff that failure to comply with the Order would result in the Court: (1) denying Plaintiff leave to proceed in forma pauperis; (2) assessing against Plaintiff the entire $400 filing fee without regard to the installment payment procedures; and (3) dismissing the action without further notice for failure to prosecute. (*See id*.) The time to comply with the Court's Order has passed, and Plaintiff did not file a motion for an extension of time.

As such, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962) (holding that district courts have the inherent authority to dismiss for lack of prosecution). The $400 filing fee shall be assessed against Plaintiff.[1]

---

[1] "[Twenty-eight U.S.C. §] 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed." Any subsequent dismissal of the case does not negate this

**SO ORDERED**, this 2nd day of April, 2019.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE

---

financial responsibility." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (citations omitted), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).