IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| MARK ALLEN THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02800-TLP-tmp |
| v. | ) | |
| | ) | |
| FLOYD BONNER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

This Amended Order does not disturb the Court's previous dismissal of Plaintiff's case for failure to prosecute (*see* ECF No. 5). This Amended Order does, however, add sections denying Plaintiff leave to proceed in forma pauperis and discussing the installment payment procedures for Plaintiff to pay the $400 civil filing fee.

**FAILURE TO PROSECUTE**

The Court entered an Order directing Plaintiff to either submit a current copy of his prison trust account statement for the previous six (6) months or pay the entire $400 civil filing fee within thirty (30) days of the entry of the Order. (ECF No. 4.) The Court warned Plaintiff that failure to comply with the Order would result in the Court: (1) denying Plaintiff leave to proceed in forma pauperis; (2) assessing against Plaintiff the entire $400 filing fee without regard to the installment payment procedures; and (3) dismissing the action without further notice for failure to prosecute. (*See id*.) The time to comply with the Court's Order has passed, and Plaintiff did not file a motion for an extension of time. Therefore, Plaintiff is DENIED leave to proceed in forma pauperis.

Furthermore, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962) (holding that district courts have the inherent authority to dismiss for lack of prosecution). The $400 filing fee shall be assessed against Plaintiff.[1]

## FILING FEE PAYMENT PROCEDURES

It is ORDERED that Plaintiff cooperate with prison officials in carrying out this Order. It is further ORDERED that the trust fund officer at Plaintiff's prison withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this Order, he shall print a copy of the Plaintiff's account statement showing all activity in the

---

[1] "[Twenty-eight U.S.C. §] 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed." Any subsequent dismissal of the case does not negate this financial responsibility." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (citations omitted), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
>
> 167 N. Main, Ste. 242, Memphis, TN  38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this Order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is DIRECTED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's Jail. The Clerk is further DIRECTED to the forward a copy of this order to the Jail Administrator to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act pertaining to the payment of filing fees.

**SO ORDERED**, this 5th day of April, 2019.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE